# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES JOHN TISDALE, IV,** | : | |
| Plaintiff | : | |
| | : | No. 1:19-cv-1022 |
| v. | : | |
| | : | (Judge Rambo) |
| **DR. EDWARD ZALOGA,** *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 23) filed by Defendants Dr. Edward Zaloga ("Dr. Zaloga") and Anthony Ianuzzi ("Ianuzzi"). *Pro se* Plaintiff James John Tisdale, IV ("Tisdale"), who is presently incarcerated at the Lackawanna County Prison, has neither filed a response to the motion nor requested an extension of time to do so. Accordingly, because the time to respond has expired, the motion to dismiss is ripe for disposition. Although Tisdale has not opposed the motion to dismiss, the Court concludes for the following reasons that his complaint survives dismissal. Thus, the Court will deny Defendants' motion to dismiss.

## I. BACKGROUND

Tisdale initiated the above-captioned action on June 17, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Dr. Zaloga, Ianuzzi, and Correctional Care Inc. ("CCI"). (Doc. No. 1.) Tisdale alleges that CCI is owned by

Dr. Zaloga and has a contract to provide medical care to inmates housed at the Lackawanna County Prison. (Doc. No. 1 at 13.) In August of 2018, Tisdale began to lose feeling "in the lower half of [his] body and extremities making it almost impossible to walk or even shower." (*Id.*) He submitted a sick call request on August 9, 2018. (*Id.*) Three (3) days later, he was called to medical to see Ianuzzi. (*Id.*) According to Tisdale, Ianuzzi stated that Tisdale "wasn't numb because [he] walked in there but provided no treatment." (*Id.*) Tisdale alleges that he experienced "constant loss of balance and falling," as well as uncontrolled movements of his mouth and tongue. (*Id.* at 14.) He maintains that these symptoms were caused by the level of Dilantin in his blood "due to not being monitored by medical e.g. Dr. Edward Zaloga." (*Id.* at 15.) Tisdale maintains that on October 4, 2018, he fell in a hallway and was taken to medical, where a nurse told the corrections officers accompanying Tisdale that he "was fine" and just needed to lie down. (*Id.*) He suggests that Defendants failed to refer him to a neurologist or other testing. (*Id.* at 13, 16.) Tisdale seeks $50,000.00 in damages as relief. (*Id.* at 17.)

In a Memorandum and Order dated June 25, 2019, the Court granted Tisdale leave to proceed *in forma pauperis*, dismissed his Eighth Amendment claims against CCI without prejudice, and granted him leave to file an amended complaint within thirty (30) days. (Doc. Nos. 7, 8.) The Court advised Tisdale that if he did not file

an amended complaint, the Court would direct service of his original complaint upon Defendants Dr. Zaloga and Ianuzzi. (Doc. No. 8.) Tisdale did not file an amended complaint. Accordingly, on July 30, 2019, the Court dismissed CCI and directed the Clerk of Court to effect service of Tisdale's complaint upon Defendants Dr. Zaloga and Ianuzzi. (Doc. No. 10.)

Defendants Dr. Zaloga and Ianuzzi returned waivers of service on September 4, 2019. (Doc. No. 16.) Accordingly, their answers or other responses to the complaint were due on or before September 30, 2019. In an Order dated October 4, 2019, the Court observed that Defendants Dr. Zaloga and Ianuzzi had not filed a response to the complaint and directed them to show cause within seven (7) days why Tisdale should not request the entry of default and default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. No. 20.) Defendants Dr. Zaloga and Ianuzzi filed their response that same day, requesting a short extension of time to respond to the complaint. (Doc. No. 21.) In an Order dated October 7, 2019, the Court granted Defendants' request for an extension and directed them to respond to the complaint within seven (7) days. (Doc. No. 22.) Defendants subsequently filed their motion to dismiss (Doc. No. 23) and brief in support (Doc. No. 24).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the

following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider

"documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."

*See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**III. DISCUSSION**

Defendants seek dismissal of Tisdale's complaint for the following reasons: (1) Tisdale failed to file the requisite certificate of merit for a medical malpractice action; and (2) Tisdale has not set forth plausible Eighth Amendment claims against them. (Doc. No. 24 at 4-8.) The Court considers each argument in turn below.

**A. Failure to File a Certificate of Merit**

Defendants first contend that if Tisdale "is attempting to assert a medical malpractice negligence action," such claims are subject to dismissal for his failure to file the requisite certificate of merit. (Doc. No. 24 at 5.) The Court previously construed Tisdale's complaint as alleging violations of his Eighth Amendment rights because of his allegations that he has been denied adequate medical care while incarcerated at the Lackawanna County Prison. (Doc. No. 7 at 6.) Nevertheless, a

7

liberal reading of Tisdale's complaint leads the Court to agree that it could be asserting medical malpractice claims pursuant to Pennsylvania state law.

Under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, plaintiffs seeking to raise medical malpractice claims must file a valid certificate of merit. That rule states in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3. The requirements of Rule 1042.3 are deemed substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. *Liggon-Reading v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007). This

8

requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit); *Levi v. Lappin*, No. 07-1839, 2009 WL 1770146, at *1 (M.D. Pa. June 22, 2009).

While a plaintiff's failure to comply with Rule 1042.3 "requires dismissal of any malpractice claim," *Bennett v. PrimeCare Med., Inc.*, No. 3:18-CV-517, 2018 WL 6072126, at *10 (M.D. Pa. Sept. 14, 2018), *Report and Recommendation adopted*, 2018 WL 6062306 (M.D. Pa. Nov. 20, 2018), "Pennsylvania practice expressly provides plaintiffs with notice of Rule 1042.3's requirements and an opportunity to cure any failure to file a certificate of merit before a matter is dismissed," *TranSystems Corp. v. Hughes Assocs., Inc.*, No. 1:14-CV-1541, 2014 WL 6674421, at *5 (M.D. Pa. Nov. 24, 2014). Rule 1042.6(a) of the Pennsylvania Rules of Civil Procedure provides that "a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint." Pa. R. Civ. P. 1042.6(a). In federal courts, a judgment of *non pros* is "the equivalent of a dismissal without prejudice." *Mayo v. Cty. of York*, No. 1:10-cv-1869, 2012

WL 948438, at *1 (M.D. Pa. Mar. 20, 2012). However, "[n]o judgment can be entered against a plaintiff for failure to timely file a certificate of merit until the defendant has complied with the notice requirements of Rule 1042.6(a)." *Young v. Halligan*, No. 18-169, 2019 WL 1427249, at *5 (W.D. Pa. Mar. 29, 2019); *see also Schmigel v. Uchal*, 800 F.3d 113, 124 (3d Cir. 2015) ("The condition of thirty days' notice prior to seeing dismissal of an action for failure to comply with the [certificate of merit] regime is substantive and must be applied in federal court.").

Here, Defendants were required to provide Tisdale with the requisite notice pursuant to Rule 1042.6(a) before seeking dismissal of any medical malpractice claims Tisdale may be asserting. Nothing in the record before the Court, however, indicates that Defendants did so before filing their motion to dismiss. Accordingly, the Court will deny Defendants' motion to dismiss as to Tisdale's medical malpractice claims.[1]

---

[1] The Pennsylvania Rules of Civil Procedure provide that a court may extend the sixty (60)-day period for filing a certificate of merit for successive periods of up to sixty (60) days each, with no limit on the number of sixty (60)-day extensions that the Court might grant. *See* Pa. R. Civ. P. 1042.3(d) & note. While Tisdale has not filed a motion seeking such an extension of time, the Court has not located any authority suggesting that a court is precluded from granting one *sua sponte*. *Cf. Liggon-Redding*, 659 F.3d at 260 n.2 (declining to decide whether district court lacked jurisdiction to grant an extension *sua sponte* and noting that "[i]n any event, under Pennsylvania law, a plaintiff may file an untimely certificate of merit as long as []he does so before the defendant files a praecipe for non pros"). Accordingly, the Court will grant Tisdale a thirty (30)-day extension to file a certificate of merit that complies with Rule 1042.3(a) in support of his medical malpractice claims. If Tisdale fails to do so, however, he is on notice that his medical malpractice claims may be subject to dismissal. *See* Pa. R. Civ. P. 1042.6(b) (noting that a judgment of *non*

## B. Eighth Amendment Claims

Eighth Amendment claims have both objective and subjective components. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Id.*

The objective component of an Eighth Amendment medical care claim, *i.e.*, whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1 (1992). A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991); *Monmouth Cty. Corr. Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *West v. Keve*, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978). The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. *See Lanzaro*, 834 F.2d at 347.

---

*pros* may be entered without notice if "the court has granted a motion to extend the time to file the certificate and the plaintiff has failed to file it within the extended time").

The Eighth Amendment "requires prison officials to provide basic medical treatment to those [individuals who are] incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish a claim under § 1983 based on the Eighth Amendment, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004), *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Farmer*, 511 U.S. at 837. Because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation, nor can disagreements over a prison physician's medical judgment. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990). Thus, this standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Little v. Lycoming Cty.*, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106

(1976). For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Defendants seek dismissal of Tisdale's Eighth Amendment claims because he "has failed to establish and/or plead any serious medical illness or injury." (Doc. No. 24 at 7.) They suggest that "there has been no indication of a physician that any of [Tisdale's] ailments required treatment, nor is there anything contained within the pleadings beyond [Tisdale's] own observations suggesting that the condition as so obvious that a lay person would recognize the necessity for a physician's attention." (*Id.*) Defendants maintain that "[i]n fact, Federal Courts and other Circuits have indicated that minor abrasions even involving associated bleeding do not rise to the level of an Eighth Amendment violation." (*Id.* at 8.)

The Court is not persuaded by Defendants' arguments. In fact, nowhere in Tisdale's complaint does he allege that he suffered from minor abrasions involving

(1976). For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Defendants seek dismissal of Tisdale's Eighth Amendment claims because he "has failed to establish and/or plead any serious medical illness or injury." (Doc. No. 24 at 7.) They suggest that "there has been no indication of a physician that any of [Tisdale's] ailments required treatment, nor is there anything contained within the pleadings beyond [Tisdale's] own observations suggesting that the condition as so obvious that a lay person would recognize the necessity for a physician's attention." (*Id.*) Defendants maintain that "[i]n fact, Federal Courts and other Circuits have indicated that minor abrasions even involving associated bleeding do not rise to the level of an Eighth Amendment violation." (*Id.* at 8.)

The Court is not persuaded by Defendants' arguments. In fact, nowhere in Tisdale's complaint does he allege that he suffered from minor abrasions involving

(1976). For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Defendants seek dismissal of Tisdale's Eighth Amendment claims because he "has failed to establish and/or plead any serious medical illness or injury." (Doc. No. 24 at 7.) They suggest that "there has been no indication of a physician that any of [Tisdale's] ailments required treatment, nor is there anything contained within the pleadings beyond [Tisdale's] own observations suggesting that the condition as so obvious that a lay person would recognize the necessity for a physician's attention." (*Id.*) Defendants maintain that "[i]n fact, Federal Courts and other Circuits have indicated that minor abrasions even involving associated bleeding do not rise to the level of an Eighth Amendment violation." (*Id.* at 8.)

The Court is not persuaded by Defendants' arguments. In fact, nowhere in Tisdale's complaint does he allege that he suffered from minor abrasions involving

(1976). For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Defendants seek dismissal of Tisdale's Eighth Amendment claims because he "has failed to establish and/or plead any serious medical illness or injury." (Doc. No. 24 at 7.) They suggest that "there has been no indication of a physician that any of [Tisdale's] ailments required treatment, nor is there anything contained within the pleadings beyond [Tisdale's] own observations suggesting that the condition as so obvious that a lay person would recognize the necessity for a physician's attention." (*Id.*) Defendants maintain that "[i]n fact, Federal Courts and other Circuits have indicated that minor abrasions even involving associated bleeding do not rise to the level of an Eighth Amendment violation." (*Id.* at 8.)

The Court is not persuaded by Defendants' arguments. In fact, nowhere in Tisdale's complaint does he allege that he suffered from minor abrasions involving

associated bleeding. Rather, Tisdale alleges that he began to lose feeling "in the lower half of [his] body and extremities making it almost impossible to walk or even shower." (Doc. No. 1 at 13.) He maintains further that he experienced "constant loss of balance and falling" as well as uncontrolled movements of his mouth and tongue. (*Id.* at 14.) Tisdale alleges that Defendants failed to provide any treatment and failed to monitor the level of Dilantin in his blood. (*Id.* at 13, 15.) Under the Eighth Amendment, deliberate indifference "may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, [and] denial of reasonable requests for treatment that results in suffering or risk of injury." *Wisniewski v. Frommer*, No. 1:16-cv-1626, 2017 WL 9534006, at *4 (M.D. Pa. July 28, 2017) (citing *Durmer*, 991 F.2d at 68), *Report and Recommendation adopted*, 2017 WL 3770493 (M.D. Pa. Aug. 31, 2017). In its June 25, 2019 Memorandum and Order screening Tisdale's complaint, the Court determined, under the same standard applicable to motions to dismiss, that his Eighth Amendment claims against Defendants survived. (Doc. No. 7 at 8.) Defendants' arguments in support of dismissal do not persuade the Court to reconsider this conclusion. Thus, the Court will deny Defendants' motion to dismiss with respect to Tisdale's Eighth Amendment claims as well.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 23) will be denied, and Defendants will be directed to file their answer to the complaint within fourteen (14) days of the date of this Order. The Court will *sua sponte* grant Tisdale a thirty (30)-day extension of time to file a certificate of merit in support of any medical malpractice claims he may be raising. An appropriate Order follows.

s/Sylvia H. Rambo  
Sylvia H. Rambo  
United States District Judge

Dated:　　October 30, 2019