# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES JOHN TISDALE, IV,** | : | |
| Plaintiff | : | |
| | : | No. 1:19-cv-1022 |
| v. | : | |
| | : | (Judge Rambo) |
| **DR. EDWARD ZALOGA,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 42) filed by Defendants Dr. Edward Zaloga ("Dr. Zaloga") and Anthony Ianuzzi ("Ianuzzi"). *Pro se* Plaintiff James John Tisdale, IV ("Plaintiff"), who is presently incarcerated at the State Correctional Institution in Albion, Pennsylvania ("SCI Albion"), has neither filed a response to the motion nor requested an extension of time to do so. Accordingly, because the time to respond has expired, the motion to dismiss is ripe for disposition.

**I.     BACKGROUND**

Plaintiff initiated the above-captioned action on June 17, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Dr. Zaloga, Ianuzzi, and Correctional Care Inc. ("CCI"). (Doc. No. 1.) Plaintiff alleged that CCI is owned by Dr. Zaloga and has a contract to provide medical care to inmates housed at the Lackawanna County Prison. (Doc. No. 1 at 13.) In August of 2018, Plaintiff began to lose feeling "in the lower half of [his] body and extremities making it almost

impossible to walk or even shower." (*Id.*) He submitted a sick call request on August 9, 2018. (*Id.*) Three (3) days later, he was called to medical to see Ianuzzi. (*Id.*) According to Plaintiff, Ianuzzi stated that Plaintiff "wasn't numb because [he] walked in there but provided no treatment." (*Id.*) Plaintiff alleged that he experienced "constant loss of balance and falling," as well as uncontrolled movements of his mouth and tongue. (*Id.* at 14.) He maintained that these symptoms were caused by the level of Dilantin in his blood "due to not being monitored by medical e.g. Dr. Edward Zaloga." (*Id.* at 15.) Plaintiff averred that on October 4, 2018, he fell in a hallway and was taken to medical, where a nurse told the corrections officers accompanying Plaintiff that he "was fine" and just needed to lie down. (*Id.*) He suggested that Defendants failed to refer him to a neurologist or other testing. (*Id.* at 13, 16.) Plaintiff sought $50,000.00 in damages as relief. (*Id.* at 17.)

In a Memorandum and Order dated June 25, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis*, dismissed his Eighth Amendment claims against CCI without prejudice, and granted him leave to file an amended complaint within thirty (30) days. (Doc. Nos. 7, 8.) The Court advised Plaintiff that if he did not file an amended complaint, the Court would direct service of his original complaint upon Defendants Dr. Zaloga and Ianuzzi. (Doc. No. 8.) Plaintiff did not file an amended

2

complaint. Accordingly, on July 30, 2019, the Court dismissed CCI and directed the Clerk of Court to effect service of Plaintiff's complaint upon Defendants Dr. Zaloga and Ianuzzi. (Doc. No. 10.)

Defendants Dr. Zaloga and Ianuzzi returned waivers of service on September 4, 2019. (Doc. No. 16.) Accordingly, their answers or other responses to the complaint were due on or before September 30, 2019. In an Order dated October 4, 2019, the Court observed that Defendants Dr. Zaloga and Ianuzzi had not filed a response to the complaint and directed them to show cause within seven (7) days why Plaintiff should not request the entry of default and default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. No. 20.) Defendants Dr. Zaloga and Ianuzzi filed their response that same day, requesting a short extension of time to respond to the complaint. (Doc. No. 21.) In an Order dated October 7, 2019, the Court granted Defendants' request for an extension and directed them to respond to the complaint within seven (7) days. (Doc. No. 22.) Defendants subsequently filed a motion to dismiss (Doc. No. 23) and brief in support (Doc. No. 24).

In a Memorandum and Order dated October 30, 2019, the Court denied the motion to dismiss. (Doc. Nos. 25, 26.) The Court noted that Defendants contended that Plaintiff's action was subject to dismissal for failure to file the requisite

certificate of merit to maintain a medical malpractice action. (Doc. No. 25 at 7.) Although the Court had previously construed Plaintiff's complaint as alleging violations of his Eighth Amendment rights, a "liberal reading of [Plaintiff's] complaint [led] the Court to agree that it could be asserting medical malpractice claims pursuant to Pennsylvania state law." (*Id.* at 7-8.) Defendants, however, had not indicated that they had provided Plaintiff with the requisite notice before seeking dismissal of any medical malpractice claims. (*Id.* at 10.) The Court also denied Defendants' motion to dismiss with respect to Plaintiff's Eighth Amendment claims. (*Id.* at 14.) The Court granted Plaintiff a thirty (30)-day extension of time to file a certificate of merit with respect to any medical malpractice claims. (*Id.* at 15.)

Defendants filed their answer to the complaint on October 31, 2019. (Doc. No. 28.) Subsequently, Plaintiff filed a motion to appoint counsel. (Doc. No. 31.) In an Order dated November 26, 2019, the Court conditionally granted Plaintiff's motion and stayed all deadlines for forty-five (45) days to permit the Chair of the Federal Bar Association's Pro Bono Committee an opportunity to locate counsel to represent Plaintiff. (Doc. No. 32.) Plaintiff subsequently requested a thirty (30)-day extension of the stay (Doc. No. 33), which the Court granted on January 7, 2020 (Doc. No. 34).

On February 4, 2020, Defendants filed a notice pursuant to Rule 1042.7 of the Pennsylvania Rules of Civil Procedure that thy intended to seek dismissal of Plaintiff's medical malpractice claims for failure to file a certificate of merit. (Doc. No. 38.) On February 7, 2020, Plaintiff moved for a second extension of the stay. (Doc. No. 39.) In an Order dated February 11, 2020, the Court denied Plaintiff's motion, noting that the Chair of the Pro Bono Committee had been unsuccessful in locating counsel to represent Plaintiff. (Doc. No. 40.) The Court granted Plaintiff another thirty (30)-day extension to file a certificate of merit. (*Id.*) On February 20, 2020, Plaintiff filed a declaration regarding the certificate of merit. (Doc. No. 41.) He indicated that his "complaint against the defendants may have been misconstrued as to medical malpractice and/or negligence. However, this is [a claim] for deliberate indifference to my medical needs." (*Id.* at 2.) Plaintiff also indicated, however, that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." (Doc. No. 41-1.)

Defendants filed their motion to dismiss on March 4, 2020. (Doc. No. 42.) Defendants seek dismissal of Plaintiff's complaint with prejudice, arguing that Plaintiff has filed a defective and noncompliant certificate of merit. (Doc. No. 43 at 3.) They assert that "if Plaintiff is permitted to proceed with the instant action, he

will not be able to substantiate his claims in the absence of expert testimony." (*Id.* at 9-10.)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed.

7

2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B.     Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

Despite the Court's previous characterization of Plaintiff's complaint as alleging Eighth Amendment violations, Defendants maintain that "[t]he instant action sounds in medical malpractice." (Doc. No. 43 at 7.) They aver that dismissal of the complaint is necessary because Plaintiff filed a defective and noncompliant certificate of merit.

Although the Court previously agreed with Defendants that Plaintiff's complaint could be asserting medical malpractice claims, Plaintiff has now explicitly asserted that his "complaint against the defendants may have been misconstrued as to medical malpractice and/or negligence. However, this is [a] claim[] for deliberate

9

indifference to my medical needs." (Doc. No. 41 at 2.) It appears, therefore, that Plaintiff wishes to only proceed on Eighth Amendment claims against Defendants. To proceed on his Eighth Amendment claims, Plaintiff does not require a certificate of merit. *See Talbert v. Corr. Dental Assocs.*, No. 18-5112, 2019 WL 5866890, at *2 (E.D. Pa. Nov. 8, 2019) (citing *Boring v. Sanders*, No. 1:12-cv-419, 2013 WL 4080308 (M.D. Pa. Aug. 13, 2013)) (noting that inmates may proceed on Eighth Amendment claims without a certificate of merit because the standard for deliberate indifference is different from that for medical malpractice). Given Plaintiff's explicit statement that he wishes to proceed only with respect to Eighth Amendment claims, the Court will deny Defendants' motion to dismiss.[1]

---

[1] Even if Plaintiff wanted to maintain medical malpractice claims against Defendants, the Court would still deny Defendants' motion to dismiss. Plaintiff's statement that expert testimony is unnecessary complies with subsection (3) of Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. This Court has recognized that "[o]nce a plaintiff certifies that he requires no expert proof for a tort claim he is bound by that certification and absent exceptional circumstances is precluded from introducing the expert testimony he needs on the standard of care and causation." *Moore v. Wetzel*, No. 1:18-cv-1523, 2019 WL 1397405, at *13 (M.D. Pa. Mar. 6, 2019), *Report and Recommendation adopted*, 2019 WL 1383631 (M.D. Pa. Mar. 27, 2019). "[W]hile this choice may ultimately be fatal to a medical malpractice claim," this Court has concluded that such choice is not fatal at the motion to dismiss stage, where the Court is "not presented with a fully-developed factual record concerning the need for expert testimony." *Id.* Thus, if Plaintiff did want to proceed on medical malpractice claims, his "election [would] allow[] the case to proceed to discovery, leaving the consequences of [Plaintiff's] decision to be dealt with at a later stage of the litigation, such as summary judgment or trial." *Id.* at *14.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 42) will be denied. This matter will, therefore, proceed on Plaintiff's Eighth Amendment claims against Defendants Dr. Zaloga and Ianuzzi. The Court notes that discovery in the above-captioned case closes on April 30, 2020. *See* M.D. Pa. L.R. 26.4 (noting that "[i]n the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party"). Accordingly, the parties are directed to file any dispositive motions within forty-five (45) days of the close of discovery. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Date: March 31, 2020